# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| AKEEM ISHOLA, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 16 C 1906 |
| FRANCISCO AYALA, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Akeem Ishola has filed a *pro se* lawsuit against U.S. Immigration and Customs Enforcement officer Francisco Ayala, alleging that Ayala violated his constitutional rights. Ishola also seeks an order preventing the use of an ankle monitoring bracelet and directing the return of certain property. Ayala has moved to dismiss Ishola's claims. For the reasons stated below, the Court grants Ayala's motion in part, denies it in part, and orders Ishola to show cause why his remaining claim against Ayala should not be dismissed for lack of personal jurisdiction over Ayala.

## Facts

The Court takes the following facts from the allegations in Ishola's complaint except where otherwise indicated. Ishola is a Nigerian national who came to the United States in 2001. In 2003, Ishola married Shirley Mae Davis—an American—in Cook County, Illinois. Shortly thereafter, Ishola and his wife moved to her home state of Mississippi. Mrs. Ishola died on July 12, 2012 in Mississippi, after submitting a form I-

130, a "petition for alien relative" seeking permanent resident status for Ishola.. In 2013, the Department of Homeland Security approved Mrs. Ishola's I-130 application. Sometime thereafter, the Department subjected Ishola's immigration status to heightened scrutiny (the complaint does not say when or why). This scrutiny culminated in the initiation of removal proceedings against Ishola.

The events leading to Ishola's present lawsuit began on June 23, 2014, when he met with officer Ayala, at Ayala's office in Pearl, Mississippi. During this meeting, Ayala confiscated Ishola's bank card, passport, and his expired permanent resident identity card. Ayala also seized Ishola's vehicle at or after this meeting. For reasons that the parties dispute, Ishola went to the hospital following the meeting. Ishola says that he went to the hospital because he was beaten repeatedly during the course of the meeting. Upon his discharge from the hospital on June 26, 2014, Ishola paid $280 to the Mississippi towing company that Ayala had authorized to hold his car so that he could get the car back.

An immigration judge re-opened Ishola's removal proceeding and remanded the case back to a Chicago-based immigration judge on October 24, 2014. On January 27, 2015, Ayala arrested Ishola at the Immigration and Customs Enforcement (ICE) office in Jackson, Mississippi. Ayala subsequently oversaw Ishola's transfer to an ICE detention center in the state of Louisiana. Two days later, Ishola was released from detention. Ayala placed an ankle bracelet on Ishola to monitor his whereabouts pending his removal hearing.

The hearing in Ishola's removal case was continued from July 9, 2015 to December 12, 2018. At a March 1, 2016 status hearing in the present case, Ishola

indicated that his ankle bracelet had been removed.

**Discussion**

In his complaint, Ishola alleges that: (1) Ayala illegally seized his passport, permanent resident card, and bank card; (2) Ayala's use of an ankle bracelet violated his rights; and (3) the authorities have been derelict in their duty to adjust Ishola's immigration status. He asks the Court to direct the return of all of his seized items, bar the use of an ankle bracelet now and in the future, and direct DHS to grant him U.S. citizenship.

Ayala has moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), and he also challenges (though only in a conclusory way) service of process and personal jurisdiction. In this decision, the Court deals primarily with Ayala's Rule 12(b)(6) motion. In considering the motion, the Court takes as true the facts as alleged by Ishola. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

**1.     Illegal seizure claim**

Ishola alleges that Ayala illegally seized his passport, his permanent resident card, and his bank card. "A Fourth Amendment seizure takes place when there is some meaningful interference with an individual's possessory interests in that property." *Soldal vs. Cook Cty.*, 506 U.S. 56, 60 (1992) (internal quotation marks omitted). That certainly is the case here; Ishola alleges that Ayala took personal property from him and did not return it.

In his motion to dismiss, Ayala contended, in conclusory fashion, that the authorities are entitled to seize and retain Ishola's passport so that there is a "travel document" if he is ultimately deported. Ayala cited no authority to support this

3

contention, making his bare-bones contention the sort of unsupported argument that may be deemed forfeited. *White Eagle Coop. Ass'n v. Conner*, 553 F.3d 467, 476 n. 6 (7th Cir.2009). In his reply brief, Ayala makes another conclusory argument, this time citing a case: "Immigration authorities may seize and retain a passport for purposes of a removal hearing. *Onwubiko v. United States*, 969 F.2d 1392, 1397-98 (2d Cir. 1992)." Def.'s Reply at 2. Aside from the fact that it is inappropriate for Ayala to cite authority for the first time in his reply, *Onwubiko* involved a motion for return of property filed by a defendant who had, by that time, already been convicted of a deportable criminal offense. The case says nothing about the circumstances or propriety of the government's seizure of the passport in the first place, and its conclusion—that "the passport must be retained for practical reasons," *id.* at 1397—is unsupported by any citation of authority. The Court also notes that *Onwubiko*, even if it is correctly decided with respect to the passport, does not speak to the propriety of the seizure or retention of Ishola's other items. In any event, one would think that if it is as obvious as the government suggests that it can both seize and retain a passport for a person who has been placed in removal proceedings, there would be *some* authority, such as a DHS regulation, supporting this.

For these reasons, the Court concludes that Ayala is not entitled to dismissal of Ishola's illegal seizure claim under Rule 12(b)(6).

**2.    Ankle bracelet claim**

Ishola's claim regarding the ankle bracelet is moot, and there is no basis for entry of a permanent injunction. The government has pointed out (and Ishola acknowledges) that his ankle bracelet was removed shortly after Ishola filed the present lawsuit. A

claim is moot if "it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Knox v. Serv. Employees Int'l Union*, 132 S. Ct. 2277, 2287 (2012) (internal quotation marks omitted). That is the case here; an injunction directing the removal of the ankle bracelet—the relief that Ishola requests—would not affect the current state of affairs. Nor is there any basis for a determination that an injunction is needed to prevent future harm, as Ishola has offered no reason to believe that there is a risk the ankle bracelet will be reimposed. For these reasons, Ayala is entitled to dismissal of Ishola's claim regarding the bracelet.

**3.     Citizenship claim**

Ishola asks the Court to "order the commencement and processing of (his) citizenship". Pl.'s Compl. at 6. But as Ayala points out, Ishola has not applied for citizenship, and 8 U.S.C. § 1429 would preclude him from citizenship consideration at this time because he has a pending removal proceeding. Ayala is entitled to dismissal of this claim.

**4.     Personal jurisdiction and service of process**

Ayala states in conclusory fashion that this Court lacks personal jurisdiction over him and that he has not been properly served. He is probably right about the issue of service of summons, but that is an easily curable defect, and for that reason the Court will not dismiss the case on this basis.

Ayala also contends that he is subject to personal jurisdiction of this Court. His "argument" in his opening brief, however, was made in a single sentence in a footnote, *see* Def.'s Mot. at 3 n.2, an obviously insufficient way to raise a serious legal issue. That said, there is good reason to believe that personal jurisdiction is lacking over

5

Ayala, who at the relevant time was based in Mississippi and performed all of the acts at issue in that same state. *See generally Int'l Shoe Co. vs. Washington*, 326 U.S. 310, 317 (1945) (defendant must have minimum contacts with the forum state in order to be subject to the personal jurisdiction in courts in that state). For this reason, the Court will order Ishola to show cause why the case should not be dismissed for lack of personal jurisdiction over Ayala in this district.

**Conclusion**

For the reasons stated above, the Court grants Ayala's motion to dismiss [dkt. no. 13] in part, denies it in part, and defers ruling in part. Ishola's claims based on the ankle bracelet and the processing of an application for citizenship are dismissed for failure to state a claim, but the Court declines to dismiss for failure to state a claim Ishola's claim regarding the seizure of his property. Finally, Ishola is ordered to show cause in writing, by no later than August 2, 2016, why his remaining claim against Ayala should not be dismissed for lack of personal jurisdiction over Ayala in this district. The case is set for a status hearing on August 8, 2016 at 9:30 a.m.

Date: July 18, 2016

_____
MATTHEW F. KENNELLY
United States District Judge